# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MAI NHIA THAO, individually and on behalf
of a class of others similarly situated,**
      **Plaintiff,**

     v.                                            Case No. 09-C-1158

**MIDLAND NATIONAL LIFE INSURANCE
COMPANY,**
      **Defendant.**

## ORDER

In the course of briefing on plaintiff's renewed motion for class certification, the parties filed a large quantity of materials under seal, including portions of briefs, excerpts from depositions, and entire declarations. These materials were filed under seal at the insistence of Midland because, according to Midland, they "contain trade secrets and non-public, proprietary business and financial information, including actuarial and financial projections, and analysis of potential future business actions which may affect competition." (Midland Mot. to Seal at 1, ECF No. 60.) However, in reaching my decision on the motion for class certification, I relied heavily on the materials that are presently under seal, and documents "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002). These other categories include information covered by a recognized privilege (such as the attorney-client privilege) and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault). Id. at

546. The materials that Midland wants to keep sealed do not fall into either of those two categories of information, and thus the materials may remain sealed only if they contain trade secrets.

Midland in its motion to seal does not demonstrate that the materials it wants to keep secret contain trade secrets. To be sure, Midland <u>asserts</u> that the materials it filed under seal contain trade secrets (Midland says nothing about the materials that plaintiff filed under seal), but it does not attempt to <u>demonstrate</u> that they meet the definition of a trade secret. To keep a document that is vital to a judicial opinion secret on the ground that it contains a trade secret, the party wanting that result must offer an argument showing that the document contains a trade secret or something comparable whose economic value depends on its secrecy; a bald assertion will not do. <u>Id.</u> at 547.

My own review of the documents filed under seal leads me to believe that the documents do not contain trade secrets and that Midland will not be harmed if the documents are opened to the public. Although the documents tend to reveal aspects of the methods that Midland's pricing actuaries used when setting rates under some of the life-insurance products at issue in this suit, I find it hard to believe that the limited information in the record could be valuable to a competitor. However, before unsealing the documents, I will give Midland an opportunity to file a statement showing that public disclosure of those documents, or some subset of them, would be harmful. The statement must address the documents that Midland wants to keep sealed on a document-by-document basis (including those documents that plaintiff filed under seal, to the extent that Midland wants those documents to remain sealed), identify which parts of the document contain information constituting a trade secret, and then demonstrate that the information

2

in those parts meets the definition of a trade secret. If in order to show that the documents contain trade secrets Midland must make factual assertions about the nature of the documents and the harm public disclosure might cause, Midland should support those factual assertions with appropriate affidavits or declarations.

Accordingly, **IT IS ORDERED** that if Midland believes that any sealed document in the record pertaining to plaintiff's renewed motion for class certification contains a trade secret, it shall file the statement described in the previous paragraph. If Midland does not intend to file such a statement and agrees that all documents can be unsealed, it shall so inform the court. Midland's response to this order is due within thirty days.

Dated at Milwaukee, Wisconsin, this 25th day of May, 2012.

s/ Lynn Adelman
LYNN ADELMAN
District Judge

3