# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MAI NHIA THAO, individually and on behalf of a class of others similarly situated,**
        **Plaintiff,**

    v.                                                   Case No. 09-C-1158

**MIDLAND NATIONAL LIFE INSURANCE COMPANY,**
        **Defendant.**

---

## DECISION AND ORDER

On May 25, 2012, I issued an order concerning the documents filed under seal in connection with plaintiff's renewed motion for class certification. In response to that order, Midland has indicated that it has no objection to unsealing most of those documents. However, Midland believes that the following exhibits or portions of exhibits to the February 9, 2012 Declaration of Jeremy Bill contain trade secrets that should be kept under seal:

- Exhibit F

- Exhibit G-2

- Exhibit G-3

- Exhibit G-4 ("Class Multiples" only)

- Exhibit G-5 ("Select Factor," "Class Factor," and "Issue Age & Duration Factor" columns only).

Having reviewed Midland's submission regarding documents under seal and the supporting declaration of Jeremy Bill, I am satisfied that these portions of the record contain trade secrets and should remain under seal. I also note that it is unlikely that keeping these few

parts of the record sealed will interfere with the public's ability to understand my decision on the renewed motion for class certification or to know what went on during the proceedings leading up to that decision.

In its submission, Midland also provides reasons for keeping documents filed with the court on July 22, 2012 under seal. Those documents relate to plaintiff's pending motion to compel, and I will defer ruling on Midland's motion to seal those documents until I have more fully considered the motion to compel.

Accordingly, **IT IS ORDERED** that Midland's motion to seal (ECF No. 60) is **GRANTED IN PART**. The portions of the February 9, 2012 Declaration of Jeremy Bill identified above shall remain sealed. The Clerk of Court shall unseal all other documents referred to in the motion to seal. This includes the remainder of the Bill Declaration, Midland's unredacted brief, the Declaration of Craig Merrill and all exhibits, and the Declaration of Benjamin Spohn and all exhibits.

**IT IS FURTHER ORDERED** that plaintiff's motion to seal (ECF No. 58) is **DENIED**. The Clerk of Court shall unseal all documents filed by plaintiff under seal on December 2, 2011.

Dated at Milwaukee, Wisconsin, this 3rd day of July 2012.

s/ Lynn Adelman
LYNN ADELMAN
District Judge