# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**MAI NHIA THAO, individually and on behalf
of a class of others similarly situated,**
          **Plaintiff,**

    **v.**                            **Case No. 09-C-1158**

**MIDLAND NATIONAL LIFE INSURANCE
COMPANY,**
               **Defendant.**

---

## DECISION AND ORDER

      This decision and order addresses Thao's motion to compel Midland to produce two categories of documents: (1) those reflecting Midland's "mortality expectations," and (2) those reflecting Midland's "actual mortality experience." Reply Br. at 1, ECF No. 89. Midland argues that the motion should be denied because it has already produced all documents reflecting its mortality expectations and because documents reflecting Midland's actual mortality experience are not relevant to any issue in this case and are not reasonably likely to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1).[1]

      As discussed in detail in my order denying Thao's renewed motion for class certification, Thao's claim is that Midland has breached the terms of its life-insurance policy by using cost-of-insurance rates that are not based exclusively on Midland's "mortality expectations"—i.e., its estimates of the number of deaths that will occur within a given

---

[1]Midland also argues that Thao's motion should be denied because she waited too long to bring it. Because I will deny the motion for the reasons stated in the text, I do not consider whether it should be denied because of Thao's delay.

group of people during a given period of time. Thao contends that Midland's cost-of-insurance rates are higher than they would be if they were based exclusively on Midland's mortality expectations. In order to prove this, Thao plans to compare Midland's cost-of-insurance rates with its mortality expectations. Thao already has Midland's cost-of-insurance rates, but she contends that Midland has not yet produced documents reflecting its mortality expectations. Midland contends that it has already produced such documents when it produced documents relating to its "pricing mortality" rates. According to Midland, its pricing-mortality rates <u>are</u> its mortality expectations.

In response to this, Thao argues that Midland's pricing-mortality rates are not its mortality expectations. However, Midland's pricing-mortality rates are estimates of the number of deaths that will occur within a given group of people during a given period of time. <u>See generally</u> Bill Decl., ECF No. 84; <u>see also</u> May 24, 2012 Order at 10 & n.6, ECF No. 73. For example, for policyholders with characteristics similar to Thao's, Midland's pricing-mortality rates reflect that it expects 0.128257308 deaths per thousand per year. Bill Decl. ¶ 13. Thus, Midland's pricing-mortality rates are its mortality expectations. Thao's contention that they are not is based on either a misunderstanding or a deliberate distortion of the record. She argues that pricing mortality is not expected mortality because Midland previously stated that the "pricing mortality" columns in its COI Solver spreadsheets do not reflect its mortality expectations. But as I noted repeatedly in my order denying Thao's renewed motion for class certification, the label on those columns in the COI Solver spreadsheets is misleading because the columns do not contain Midland's actual pricing-mortality rates; instead, they contain only an approximation of those rates. May 24, 2012 Order at 10, 11 n.7, 15, 17 n.11. If Midland had produced

2

nothing but its COI Solver spreadsheets, then I would agree that Midland had not produced its mortality expectations. But in addition to the COI Solver spreadsheets, Midland has produced tables containing its actual pricing-mortality rates. Because the actual pricing-mortality rates are Midland's mortality expectations, there are no other documents responsive to Thao's request for documents reflecting Midland's mortality expectations. Therefore, this part of her motion to compel will be denied.

Thao also wants documents reflecting Midland's actual mortality experience. "Actual mortality" is the actual incidence of death within a given group during a given period of time. Bill Decl. ¶ 6. Whereas expected mortality is forward-looking and is an estimate of the number of deaths that can be expected to occur in the future, actual mortality is backward-looking and is not an estimate but a record of the number of deaths that occurred in the past. Midland concedes that it has not produced its actual mortality data but contends that there is no need to do so because such data could not possibly be relevant to any issue in this case. Thao contends that she needs the data because Midland considered them when setting its mortality expectations. Although it is true that actual mortality was one of the factors that Midland's actuaries considered when setting Midland's pricing-mortality rates, see Bill Decl. ¶ 9, it is hard to see any reason Thao would need the data underlying the rates. Thao says that she wants to compare Midland's mortality expectations to its cost-of-insurance rates to determine "what part of the [cost-of-insurance] rates are not mortality related." Reply Br. at 8–9. But Thao already has Midland's mortality expectations in the form of its pricing-mortality rates, and so she already has what she needs to make this comparison—she can compare the cost-of-

insurance rates to the pricing-mortality rates. The data underlying the pricing-mortality rates are simply not relevant to this comparison.

Thao also states that she wants the data underlying Midland's pricing-mortality rates to determine whether those rates "reflect a good faith mortality expectation." Reply Br. at 9. This sounds like Thao intends to second-guess the actuarial judgment exercised by Midland's actuaries when they set the pricing-mortality rates—i.e., that she intends to argue that Midland's estimate of 0.128257308 deaths per thousand per year for policyholders having characteristics similar to hers is too high. But Thao's claim is not that Midland has been improperly estimating mortality rates; it is that Midland has been adding charges to its cost-of-insurance rates that are unrelated to Midland's mortality estimates, such as charges for expenses. Any contention that Midland has been overestimating expected mortality in the first place is not part of this case. Thus, the part of Thao's motion to compel production of documents reflecting Midland's actual mortality experience will be denied because Thao's request for such documents is not reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, **IT IS ORDERED** that Thao's motion to compel is **DENIED**. Because Thao's motion was not substantially justified and there are no other circumstances that would make an award of expenses unjust, she must pay the reasonable expenses that Midland incurred in opposing the motion, including attorneys' fees. See Fed. R. Civ. P. 37(a)(5)(B).

**IT IS FURTHER ORDERED** that Midland's motion to seal portions of the June 10, 2012 Declaration of Jeremy Bill is **GRANTED IN PART**: Exhibits A-2, A-3, and A-4 of that

4

Declaration shall remained sealed.  The remainder of the Declaration and Exhibits shall be made public.

**FINALLY, IT IS ORDERED** that a telephonic status conference will be held on **August 1, 2012 at 11:00 a.m.** for the purpose of scheduling further proceedings.  The court will initiate the call.

Dated at Milwaukee, Wisconsin, this 17th day of July 2012.


<u>s/ Lynn Adelman</u>
LYNN ADELMAN
District Judge

Case 2:09-cv-01158-LA   Filed 07/18/12   Page 5 of 5   Document 94